**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DICK SKY, | No. 10-35473 |
| Petitioner - Appellant, | D.C. No. 3:08-cv-00152-JWS |
| v. | |
| BRUNO STOLC, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the District of Alaska
John W. Sedwick, District Judge, Presiding

Submitted August 29, 2012[**]
Anchorage, Alaska

Before: HAWKINS, McKEOWN, and BEA, Circuit Judges.

Dick Sky appeals the district court's dismissal with prejudice of his 28

U.S.C. § 2254 habeas petition for failure to name the proper respondent. Sky

named as respondent Bruno Stolc, the warden of the private correctional facility

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

where he was being held.  Stolc filed a motion to dismiss for lack of personal jurisdiction, arguing that he was not the proper respondent because he was not a "state officer who has custody" as required by the Rules Governing [28 U.S.C.] § 2254 Cases.  The district court dismissed Sky's petition with prejudice after Sky failed to amend to name the proper respondent, Alaska Commissioner of Corrections Joseph Schmidt.  Whether a habeas petitioner has named the proper respondent is reviewed *de novo*.  *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996).  Failure to name the proper respondent strips the district court of personal jurisdiction.  *Id.*

Rule 2(a) of the Rules Governing § 2254 Cases states that "[i]f the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody."  Sky concedes that Stolc is not a state officer, but argues that Stolc remains the proper respondent because Stolc had custody of Sky.  However, Alaska Statute § 33.30.051 states that "[a] person convicted of an offense against the state shall be committed to the custody of the commissioner."  *See Ortiz-Sandoval*, 81 F.3d at 895 (holding that the proper respondent in a habeas petition depends in part on who has official custody of prisoners in the penal system of the state in question).  Although Stolc had physical custody of Sky at the time Sky filed his habeas petition, Stolc is not a state officer and, thus, is not the proper respondent.

The dismissal with prejudice of Sky's habeas petition for failure to name the proper respondent is AFFIRMED.

All pending motions are DENIED.